UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CR-259-1-BR
5:08-CV-245-BR

WILLIAM ALLEN JACKSON, )
)
    Petitioner, )
)
v. ) O R D E R
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

This matter is before the court for initial review of this 28 U.S.C. § 2255 petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Under this Rule, "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." R. Gov. § 2255 Pro. 4(b).

On 7 May 2007, pursuant to a plea agreement, petitioner pled guilty to Count One of the Indictment, that is felon in possession of firearms and aiding and abetting the same in violation of 18 U.S.C. §§ 922(g)(1), 924, and 2. On 6 November 2007, petitioner was sentenced to a term of 180 months imprisonment and, upon release from imprisonment, a term of 60 months supervised release. Petitioner did not appeal from the judgment of conviction. On 28 May 2008, he timely filed the instant petition.

Petitioner asserts three claims, all based on ineffective assistance of counsel. The applicable legal standard for an ineffective assistance claim is well established. Under the principles of Strickland v. Washington, 466 U.S. 668 (1984):

> a meritorious ineffective assistance claim must demonstrate two
> things: first, that counsel's performance was deficient and, second,
> that counsel's deficient performance prejudiced the defense. Under

> the second prong of *Strickland* 's test, there is a "strong presumption" that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." For counsel's trial performance to be deficient, he must have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that "counsel's representation fell below an objective standard of reasonableness." To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Under *Strickland,* a reasonable probability is a "probability sufficient to undermine confidence in the outcome.

Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (citations omitted), cert. denied, 122 S. Ct. 2311 (2002).

First, petitioner contends his counsel was deficient because she failed to appeal his sentence based on its exceeding the statutory maximum allowed for violation of 18 U.S.C. § 922(g)(1). Petitioner is correct that under § 924(a)(2), the maximum term of imprisonment for a violation of § 922(g)(1) is 10 years. However, pursuant to the Armed Career Criminal Act ("ACCA"), in the case of a person who violates § 922(g)(1) *and* who has three previous convictions for a violent felony or serious drug offense, committed on different occasions from one another, the *minimum* term of imprisonment is 15 years. 18 U.S.C. § 924(e)(1). Because petitioner had three qualifying prior convictions, the court sentenced petitioner pursuant to the ACCA and to the minimum amount of imprisonment required. Petitioner was well aware of the mandatory minimum term of imprisonment, should he be sentenced as an armed career criminal. (See Plea Agree. ¶ 3a.)

To the extent petitioner argues that his prior convictions should have been charged in the indictment, (see Pet., Attach. at 5-6), this argument is without merit. In his plea agreement, petitioner specifically waived any rights "to have the existence and applicability of any prior convictions (1) charged in the indictment, (2) submitted to a jury, and (3) proved beyond a

2

reasonable doubt." (Plea Agree. ¶ 2d.) At the plea hearing, the court found petitioner's plea to be knowing and voluntary, and petitioner does not challenge this finding. Based on the foregoing, petitioner's first claim must be dismissed.

Next, petitioner contends that counsel should have appealed the application of the ACCA to him. Specifically, petitioner argues that he did not have three predicate convictions. (See Pet., Attach. at 7-8.) Petitioner is not entitled to relief on this basis either. Petitioner waived the right "to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing . . . ." (Plea Agree. at 2c.) The sentence petitioner received was at the bottom of the guideline range established at sentencing, and thus, based on the appeal waiver, counsel could not have appealed the sentence based on application of the ACCA. Petitioner's second claim must therefore be dismissed.

Finally, petitioner claims counsel was ineffective for failing to object to the imposition of what amounts to a 240-month term. It appears petitioner argues that not only is the term of imprisonment limited to 120 months for a violation of § 922(g)(1) but also that a term of supervised release could not have been imposed and such a term, when combined with the term of imprisonment, may not exceed the statutory maximum term of imprisonment. (See Pet., Attach. at 8-9.) The court has addressed above why a mandatory minimum of 180 months imprisonment applies. Regarding the term of supervised release,

> [t]he court, in imposing a sentence to a term of imprisonment for a felony . . . may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute . . . .

3

18 U.S.C. § 3583(a). In other words, the court *may*, but is not required, impose a term of supervised release after imprisonment for a felony *unless* a statute mandates the imposition of a term of supervised release. Although the penalty statute, § 924, does not require that a term of supervised release be imposed for a violation of § 922(g)(1), that statute does not prohibit a term of supervised release. The court certainly had the authority to impose supervised release under § 3583(a). And, petitioner was aware that a term of supervised release might be imposed. (See Plea Agree. ¶ 3a.) Furthermore, even assuming the statutory maximum term of imprisonment for petitioner was 120 months, the term of supervised release imposed does not "count" towards that statutory maximum. See United States v. Cenna, 448 F.3d 1279, 1281 (11th Cir.) (concluding that it is a "well-settled rule that a term of supervised release may be imposed in addition to the statutory maximum term of imprisonment"), cert. denied, 127 S. Ct. 311 (2006); United States v. Work, 409 F.3d 484, 489 (1st Cir. 2005); United States v. Pettus, 303 F.3d 480, 487 (2nd Cir. 2002); United States v. Colt, 126 F.3d 981, 982-83 (7th Cir. 1997); United States v. Wright, 2 F.3d 175, 179-80 (6th Cir. 1993); United States v. Purvis, 940 F.2d 1276, 1278 (9th Cir. 1991). Accordingly, petitioner's third and final claim must be dismissed.

    The petition is DISMISSED. The Clerk is DIRECTED to serve a copy of this order on petitioner.

    This 2 June 2008.

                                          W. Earl Britt
                                          Senior U.S. District Judge